UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA BALTAZAR RAMIREZ, | No. 2:23-cv-02205-DAD-CKD |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO REMAND |
| WALMART ASSOCIATES, INC., | (Doc. No. 8) |
| Defendant. | |

This matter came before the court on December 19, 2023 for a hearing on plaintiff's motion to remand this action to the Yolo County Superior Court. (Doc. No. 8.) Attorney Samvel Geshgian appeared by video on behalf of plaintiff Blanca Baltazar Ramirez. Attorney Jane Rothbaler appeared by video on behalf of defendant Walmart Associates, Inc. For the reasons explained below, the court will deny plaintiff's motion to remand.

**BACKGROUND**

On August 25, 2023, plaintiff filed this employment discrimination action against defendants Walmart Associates, Inc. ("defendant") and unnamed Doe defendants 1–20 in the Yolo County Superior Court. (Doc. No. 1-1 at 2.) In her complaint, plaintiff asserts the following seven causes of action: (1) disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12940 *et seq.*; (2) retaliation in violation of FEHA; (3) failure to prevent discrimination and retaliation in

1

1 violation of FEHA; (4) failure to accommodate in violation of FEHA; (5) failure to engage in the
2 interactive process in violation of FEHA; (6) declaratory judgment; (7) wrongful termination in
3 violation of public policy. (*Id.* at 8–17.) As to each of these causes of action, plaintiff seeks
4 "general and special damages," "medical expenses," "expenses for psychological counseling and
5 treatment," "past and future lost wages, bonuses, commissions, benefits and loss or diminution of
6 earning capacity," and "punitive damages." (*Id.* at 8.) Plaintiff also seeks recovery of attorneys'
7 fees and costs. (*Id.* at 9.)

8 On October 4, 2023, defendant removed this action to this federal court pursuant to 28
9 U.S.C. §§ 1332, 1441, and 1446, on the grounds that diversity jurisdiction exists because plaintiff
10 and defendant are citizens of different states and the amount in controversy exceeds $75,000.
11 (Doc. No. 1.) On November 3, 2023, plaintiff filed the pending motion to remand this action to
12 the Yolo County Superior Court, arguing that the amount in controversy requirement under 28
13 U.S.C. § 1332 is not met here. (Doc. No. 8.) On November 16, 2023, defendant filed an
14 opposition to plaintiff's motion to remand. (Doc. No. 10.) Plaintiff did not file a reply in support
15 of the pending motion to remand. On December 19, 2023, a hearing on the motion took place in
16 which the court raised concerns about defendant's failure to submit any evidence in support of its
17 opposition and specifically as to the amount in controversy. Defendant requested an opportunity
18 to supplement its filing, and the court permitted defendant ten days to do so. (Doc. No. 13.) On
19 December 29, 2023, defendant filed an updated version of its opposition brief, attaching thereto
20 the declaration from one of its employees. (Doc. Nos. 14, 14-1.)

21 **LEGAL STANDARD**

22 A suit filed in state court may be removed to federal court if the federal court would have
23 had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case
24 originally filed in state court presents a federal question or where there is diversity of citizenship
25 among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331,
26 1332(a).

27 "If at any time before final judgment it appears that the district court lacks subject matter
28 jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly

construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 24, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

The party asserting diversity jurisdiction bears the burden of proving by a preponderance of the evidence—that is, that it is "more likely than not"—that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The amount in controversy "is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Comm. Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). "In calculating the amount in controversy, a court must assume that the allegations in the complaint are true and that a jury will return a verdict for plaintiffs on all claims alleged." *Page v. Luxottica Retail N. Am.*, No. 2:13-cv-01333-MCE-KJN, 2015 WL 966201, at *2 (E.D. Cal. Mar. 4, 2015); *accord Campbell v.*

/////

/////

*Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012).[1]  Moreover, "a court must include [actual and] future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Trans. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

## ANALYSIS

In the pending motion to remand, plaintiff contends that defendant improperly removed this action because defendant failed to satisfy its burden to establish federal subject matter jurisdiction based on diversity.  (Doc. No. 8 at 2.)  Plaintiff does not dispute that complete diversity of citizenship exists here.  Instead, plaintiff argues that defendant has failed to show in its notice of removal that the amount in controversy exceeds $75,000.  (*Id.* at 5.)  The court notes that plaintiff has not asserted in her complaint or moving papers that she seeks less than $75,000 in this action.  In fact, defendant offered to agree to remand this matter if plaintiff would confirm that she is not seeking in excess of $75,000, and plaintiff declined.  (Doc. No. 10-1 at 2.)  Plaintiff merely argues that defendant has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, though she offers no contrary evidence of her own.  Moreover, in her complaint, plaintiff does not specify the amount in controversy or provide an estimate of the damages she seeks.[2]  Instead, as noted above, plaintiff broadly requests the award of damages for past and future lost wages, bonuses, commissions, benefits, loss of earning capacity, pain and emotional distress, anxiety, depression, headaches, tension, medical expenses, psychological counseling, punitive damages, attorneys' fees, and litigation costs.  (Doc. No. 1-1 at 8–9.)

/////

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

[2] Notably, when a state court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with "legal certainty" that the jurisdictional amount is met.  *Guglielmino*, 506 F.3d at 699; *see also Glassical Creations, Inc. v. Canter*, No. 15-cv-04358-MMM-PJW, 2015 WL 4127912, at *4 & n. 10 (C.D. Cal. July 7, 2015).  That is not the case here.

In opposing plaintiff's motion to remand, defendant contends that the amount in controversy exceeds $75,000 based on this broad range of damages sought by plaintiff, including loss of earnings (for, at minimum, 12.5 months with her annual salary of $100,157.20), emotional distress damages, punitive damages, and attorneys' fees. (Doc. No. 14 at 3–6.) Plaintiff has not offered counterarguments or evidence to rebut defendant's contention in this regard. The court will thus assess whether defendant has now established by a preponderance of the evidence that the amount in controversy in this case exceeds the $75,000 jurisdictional threshold.

In her complaint, plaintiff seeks "past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity." (Doc. No. 1-1 at 8.) In its notice of removal and again in its opposition, defendant argues that past lost wages alone would satisfy the $75,000 jurisdictional threshold. (Doc. Nos. 1 at 6; 10 at 4–5.) In support of this argument, defendant has now filed a declaration from its People Lead[3] at the Woodland Walmart store, Francisco Avila, in which Mr. Avila declared that he reviewed defendant's personnel records and determined that plaintiff's annualized salary at the time of her termination was $100,157.20. (Doc. No. 14-1 at ¶¶ 3, 5.) Defendant then approximates 54 weeks as the time between plaintiff's termination on August 8, 2022 and the filing of plaintiff's complaint on August 25, 2023. (Doc. No. 14 at 3.) Using this approximation, defendant calculates that lost wages from this period alone would put over $104,000 in controversy. (*Id.*)

Notably, defendant's estimate does not account for future wages, which plaintiff also seeks in this action (Doc. No. 1-1 at 8), and which are generally included in determining the amount in controversy. *See Chavez*, 888 F.3d at 418 ("Where, as here, a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy.") Although lost future wages are included in the amount in controversy, defendant does not provide an estimate for that subcategory of damages. Nonetheless, plaintiff's prayer for lost wages by itself, even before factoring in

/////

---

[3] According to Mr. Avila, the duties of a People Lead at a Walmart store "include managing all human resources functions at the location." (Doc. No. 14-1 at 1.)

1  plaintiff's numerous other grounds for relief and damages related thereto, contributes at least
2  $104,000 to the amount in controversy, but likely more.

3       Given defendant's evidence regarding plaintiff's annual earnings, and in the absence of
4  evidence from plaintiff to the contrary, the court concludes that there is sufficient evidentiary
5  foundation to determine that the amount in controversy more likely than not exceeds the
6  jurisdictional threshold of $75,000 in this case.  Plaintiff's prayer for loss of earnings by itself,
7  even before factoring in plaintiff's numerous other grounds for relief, pushes the amount in
8  controversy over $75,000.  Thus, defendant has now satisfied its burden in this regard.  *See*
9  *Guglielmino*, 506 F.3d at 699.  Because the jurisdictional threshold is satisfied, the court need not
10 address the parties' arguments regarding emotional distress damages, punitive damages, and
11 attorneys' fees or the other categories of damages that plaintiff seeks in this case.

**CONCLUSION**

13      For the reasons set forth above, plaintiff's motion to remand (Doc. No. 8) is denied.  This
14 case is referred to the assigned Magistrate Judge for the setting of an Initial Scheduling
15 Conference.  (*See* Doc. No. 9.)

16      IT IS SO ORDERED.

17 Dated:  **January 5, 2024**                  /s/ Dale A. Drozd
18                                              DALE A. DROZD
                                                UNITED STATES DISTRICT JUDGE